September 16, 2009

09-37260

FILED

SEP 23 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Honorable Christopher M. Klein

U.S. Bankruptcy Court, Eastern District of California

501 I Street, Suite 3-200

Dept: C-Courtroom 35

Sacramento, CA 95814

Aloha Judge Klein:

Attached is my Opposition to Motion to Abandon Law Practice to Debtor.

1. James Walker owes the Trust of Rosemary Borland $6,842.25.
2. James Walker has admitted that he owes this to the Trust. He has admitted this in writing and orally.
3. James Walker did not include the Trust in his list of creditors when he filed for bankruptcy; consequently, I did not receive notification of the September 21, 2009 hearing/meeting.
4. I found out about the September 21, 2009 hearing/meeting just two days ago and just yesterday I found out that I should file this motion with you.
5. The Trust needs to be included as a creditor.
6. I am not an attorney.

Thank you for your consideration and any instructions or guidance you might have.

Sincerely,

Denise M. Saylors

Successor Trustee for the Trust of Rosemary Borland

Daughter of Rosemary Borland

84-970 Moaelehua Street

Makaha, HI 96792

(808) 358-4328, cell

(808) 772-4500, house

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re:

JAMES A. WALKER AND

VALERIE K. WALKER

Debtors.

In Proceedings Under Chapter 7

Case No. 09-37260-C-7

**OPPOSITION TO MOTION TO ABANDON LAW PRACTICE TO DEBTOR**

Date: September 21, 2009

Time: 10:30 AM

Dept: C-Courtroom 35

Hon. Christopher M. Klein

I, Denise Saylors, hereby declare:

1. My mom, Rosemary Borland, hired James Walker/Senior Care Advocates, to make a Living Trust for her.

2. Mom selected me to be the Successor Trustee.

3. Mom passed away on February 8, 2007.

4. On February 15, 2007, James Walker advised me, that for $12,000, he would help me administer/execute the Trust.

5. Walker stated that if $12,000 ended up being too high, he would issue a refund to me, or the Trust, whichever would be applicable.

6. I, never having administered/executed a Trust before, with the understanding that if the $12,000 fee ended up being too high, a refund would be made to the Trust, or to the me if the Trust reimbursed me, agreed to have James Walker/Senior Care Advocates help me administer/execute the Trust.

7. On February 15, 2007, I paid $12,000 to James Walker/Senior Care Advocates.

8. On September 8, 2008, Regina Herrera, case manager/assistant/agent for James Walker /Senior Care Advocates, sent an e-mail to me with the accounting of the Trust. In footnote number 3, she stated that James Walker/Senior Care Advocates, owes $6,842.25 to the Trust.

9. On November 14, 2008, Regina Herrera of James Walker/Senior Care Advocates, sent an e-mail to me stating that she "...re-calculated the distribution figures for you, taking off the funds owed to you by SCA."

10. From June to December of 2008, I made requests to James Walker/Senior Care Advocates asking for instructions to finalize/execute the Trust and to make sure that James Walker/Senior Care Advocates would fulfill their promise to issue the $6,842.25 refund.

11. On December 11, 2008, I went to the James Walker/Senior Care Advocates Roseville, California office (I live in Hawaii). James Walker was in the office. I identified myself to him and asked for the refund. He said he would not be issuing me/the Trust a refund. He also refused to give me anything in writing. He said he would not give me a note stating when he would make payment nor would he give me a denial of payment. I told him that he was being intentionally vague. He said, yes, he was.

12. I did not know that James Walker/Senior Care Advocates was filing for bankruptcy until two days ago when I received phone call notification from the California State Bar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/16/09

Denise M. Saylors,

Successor Trustee