

TO: United States Bankruptcy Court
Eastern District of California
501 I Street, Suite 3-200
Sacramento, CA 95814

FM: Ottis and Susan Colwell
8244 Sparrowk Road
Valley Springs, CA 95252

FILED
OCT - 8 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

RE: Debtors JAMES A WALKER and VALERIE K WALKER

IN THE UNITED STATES BANKRUPTCY COURT - EASTERN DISTRICT OF CALIFORNIA

In proceedings Under Chapter 7
Case No. 09-37260-C-7

## OPPOSITION TO MOTION TO ABANDON LAW PRACTICE TO DEBTOR

Date: October 13, 2009
Time: 10:30 AM
Dept: C - Courtroom 35
Hon. Christopher M. Klein

We, Ottis B and Susan A Colwell, hereby declare:

1. We are, respectively, 74 and 64 years old. We reside in Valley Springs, California. Our telephone number is (209) 786-5770.

2. In approximately November 1999 we had Attorney James A. Walker prepare our Living Trust. Cost was $2,500. **We believe the trust is still on file in his offices and understand through independent research that, on our death, Attorney Walker's offices could earn approximately 3 times that amount to administer the trust for our beneficiaries.** From 2000 until about 2003 we paid a $45 discounted rate annually to review and make appropriate and/or requested changes to the trust.

3. In August 2003, during one of our annual trust reviews, an attorney in Mr. Walker's law office suggested we look into purchasing a Long-Term Care Alternative Plan offered through Mr. Walker's company, Senior Care Advocates, Inc. which would protect our assets from spend-down should we ever need long-term care. This plan would provide us with the security that we and/or our children would have only "one-place/one-person" to go to for help and support in dealing with our care. The plan was well presented specifically it's "One Retainer Fee; A Client For Life" promise of lifetime support. The total we paid to Senior Care between Aug 2003 and Sep 2005 was $13,395 with the final payment of $6,200 made in Sep '05 being substantially discounted in response to offer from Walker's office to pay off our account in full. We believed, as stated in their presentation, that this plan was a guarantee for future qualification for Long-Term Care Medi-Cal; assistance in finding care providers; trust & probate administration; unlimited phone calls, inquiries, correspondence and reports and annual redeterminations.

4. In August, 2009 we received notice that attorney Walker and his wife were filing for bankruptcy for both his company Senior Care Advocates, Inc. and personally for which we're also filing an objection as we believe that he does have future value in the organization. Mr. Walker and his wife are now asking the court to compel the trustee to abandon his law practice and all other exempt property back to them. We believe these items do have value now and/or in the future which should somehow benefit the creditors. This is the basis for our objection.

5. I immediately called Senior Care Advocates to confirm that they had indeed filed for bankruptcy and was told by the receptionist that yes SCA was filing for bankruptcy protection but NOT James Walker Elder Care Law Offices. We were told there was really no point in going to the hearings mentioned as there were no assets. I proceeded to ask her what would happen to the clients who had paid in advance for Mr. Walker's legal services. She offered to email me a new fee schedule which Mr. Walker would be using from this point forward with both existing and new clients. She also stated that the rates included in the schedule were being discounted for existing clients due to the amounts previously paid. On receipt of the email, the fees were: base $500 for a Medi-Cal qualification pack in the event we needed nursing home care; fees for services beyond that would be billed at $150/hour for paralegals to senior partners and $75 for secretarial services. There's also a $250 consultation fee for trust updates. All of which are services we had already paid for and truly believed this was a case of "double-dipping".

In conclusion, we believe Mr. Walker continues to owe us his time (only thing he really has to sell as an attorney) for which we paid in advance and we're concerned that this attempt at having the bankruptcy court compel the trustee to abandon the law practice to him will lead to the abandonment of us as law clients. We believe this because of both these bankruptcy proceedings and the conversations we've had with his office already stating that additional monies would be due him for any legal work provided.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____  _____          _____
Ottis B. Colwell                    Susan A Colwell                                    Dated