Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
Fax: (916) 985-7373

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

WALKER, JAMES A.

WALKER, VALERIE K.

Debtor(s)

Case No. 09-37260- C -7

DCN: MHK-1
DATE: October 13, 2009
TIME: 9:30 AM
DEPT.: C

TRUSTEE'S NON-OPPOSITION TO MOTION TO COMPEL TRUSTEE

TO ABANDON LAW PRACTICE TO DEBTORS

THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, has no opposition to the motion filed herein for the following reasons:

1. The Debtors herein filed a voluntary Chapter 7 bankruptcy on August 14, 2009. I have been appointed Trustee for the estate.
2. I have reviewed the motion filed hereto together with the responses filed to date. While I understand the substance of the opposition, I do not agree that the debtor's law practice would have substantial value to the creditors of this estate for the following reasons:

a. The Debtor's law practice consists of certain tangible personal property as well as intangible assets. The tangible assets include used equipment and furnishings which would bring minimal value to the bankruptcy estate after consideration of costs of sale. There are no substantial financial assets apparent in the case.

b. The Debtor's law practice may have some intangible value relating to future work to be performed for former clients of James Walker, however, that value is limited by the controversial nature of Mr. Walker's former practice, the continuing investigation of Mr. Walker being conducted by the California Department of Justice, an ongoing investigation of Mr. Walker by the California State Bar, and other factors.

c. The "client files" maintained in Mr. Walker's law practice belong to the client, not the attorney, and are therefore not assets of the bankruptcy estate to be sold.

d. It is unclear whether intangible property of the Debtor's law practice may in part constitute "personally identifiable information" which may not be sold pursuant to Bankruptcy Code Section 363(b)(1) without the appointment of a "consumer privacy ombudsman" pursuant to Bankruptcy Code Section 332.

e. No party has offered significant consideration for purchase of the assets of the Debtor's law practice.

f. No sale of the assets of the Debtor's law practice could preclude the Debtor from personally competing for the same clients.

g. I am estimating that there are substantial priority claims in the case including outstanding tax obligations and an outstanding fine owed to the State of California which total in excess of $300,000. Therefore, in order for any recovery to be obtained by general unsecured creditors, I would need to sell or recover assets well in excess of $400,000 to provide for any

recovery for general unsecured creditors. Further, it is likely that the general unsecured creditor claims in the case will be in the millions of dollars. Debtor listed over 7,000 creditors in the case. If even a small percentage file actual claims, the total is likely to be excessive. Based on information obtained through telephone calls, letters and other communications, it appears likely that there are at least several hundred potential claimants, each with a claim that appears to be in the range of $10,000 to $20,000. If we assume that 500 such claims are filed at an average of $10,000, the general unsecured claims base would exceed $5,000,000. Again, for these claimants to receive any substantial recovery (such as five percent or $500 on each claim), the estate would need to net at least $250,000 <u>more</u> than the amount needed to cover priority claims. In other words, the gross recovery for the estate would have to approach <u>one million dollars</u> to even begin to provide a substantial recovery for general unsecured creditors. I see no chance that a sale of the Debtor's law practice would cover even a fraction of this amount.

3. The primary focus of some of the opposition to the motion herein is directed toward preventing Mr. Walker from practicing law in the future. If the allegations of misconduct against Mr. Walker are correct, I could understand their position, but I believe the bankruptcy court is not the proper forum for driving Mr. Walker from the legal profession. Mr. Walker is already under investigation by other state authorities and it appears those investigations are likely to continue. Denial of this motion will not impede those investigations.

Respectfully submitted:

DATE: October 8, 2009        /s/ Thomas A. Aceituno

# DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the Trustee in this case. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATE: October 8, 2009          /s/ Thomas A. Aceituno